IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| B.C., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   5:13-cv-344-KOB-JHE |
| | ) |
| ESTES, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the court on the magistrate judge's report and recommendation (doc. 25); Plaintiff's objections (doc. 26) and supplemental objections (doc 28); Defendants Truett, Crocker and Wright's objections (doc. 29); and Defendant Estes's objections (doc. 30).

In his report, the magistrate judge recommends as follows:

(1) Defendants' motions for summary judgment on Plaintiff's claims against them in their official capacities for injunctive relief on the basis of Eleventh Amendment immunity be denied;

(2) Defendants Estes, Wright, Crocker, and Truett's motions for summary judgment on Plaintiff's Eighth Amendment claims concerning the denial of hormone therapy be denied;

(3) Defendants Estes, Wright, Crocker, and Truett's motions for summary judgment on Plaintiff's Eighth Amendment claims concerning denial of hormone therapy on the basis of qualified immunity be denied;

(4) Defendants Estes, Wright, Crocker, and Truett's motions for summary judgment on Plaintiff's Eighth Amendment claims concerning sports bras be granted;

(5) Defendants Terry and Williams's motions for summary judgment on Plaintiff's Eighth Amendment claims concerning dental care be granted;

(6) Defendants Terry and Williams's motions for summary judgment on Plaintiff's Fourteenth Amendment equal protection claims be granted; and

(7) Defendants' motions for summary judgment on Plaintiff's Fourteenth Amendment privacy claims be granted on the basis of qualified immunity.

Plaintiff filed objections to the recommendation that summary judgment be granted to the defendants on his constitutional right to privacy. (Doc. 26). He did not object to the recommendation regarding granting summary judgment as to his Eighth Amendment claims concerning dental care or his equal protection claims. Plaintiff filed a supplemental objection in which he objected to the recommendation to dismiss his claim under the Eighth Amendment concerning sports bras; he contends that claim is not moot because, although he admits having received sports bras, he claims that his bras have been taken and not returned during shakedowns. (Doc. 28).

Defendant Estes filed an objection to the recommendation that his motion for summary judgment be denied as to Plaintiff's Eighth Amendment claim against him for deliberate indifference to serious medical needs. (Doc. 30). Defendant Estes contends that Plaintiff presents no evidence that he had subjective knowledge of the Plaintiff's medical condition or any alleged serious medical need that the prison failed to meet.

Defendants Truett, Crocker, and Wright also filed objections to the recommendation that the Plaintiff's Eighth Amendment claims against them survive summary judgment. (Doc. 29). The objections contain a "Supplemental Affidavit of Dr. April Truett" stating that the Plaintiff "does not suffer from any physical medical complication as a result of not being prescribed Estrogen or any

other hormone treatment." (Doc. 29-1). However, In her initial affidavit, Defendant Truett indicated that, because the Plaintiff was not receiving hormone therapy at the time of his transfer to Limestone County Correctional Facility, the ADOC's transgender policy prevented her from giving the Plaintiff hormone therapy. (Doc. 17 pg. 39).  She did not mention the ADOC's policy in her Supplemental Affidavit as the reason for not giving the Plaintiff hormone therapy.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and all of the objections, the court finds as follows:

1. Defendant Estes's objection (doc. 30) regarding the magistrate judge's recommendation to deny summary judgment as to him on the Eighth Amendment denial of hormone therapy claim is well-taken. As such, the court REJECTS the magistrate judge's report on this claim against Defendant Estes and DOES NOT ACCEPT the recommendation that the court deny his motion for summary judgment on this claim.  The court finds that no genuine issue of material fact exists on this claim as to Defendant Estes, and that, as a matter of law, the Plaintiff failed to show Defendant Estes had subjective knowledge of Plaintiff's medical condition or any alleged serious medical need not being addressed, as required to prove deliberate indifference.  As such, the court finds that Defendant Estes's motion for summary judgment on this claim is due to be GRANTED.

2. The court OVERRULES the objections of Defendants Truett, Crocker, and Wright (doc. 29) regarding the magistrate judge's recommendation that the court deny their motions for summary judgment as to the Plaintiff's Eighth Amendment claims concerning the denial of hormone therapy. The court finds that their objections include an affidavit of Defendant Truett containing new evidence that contradicts her initial affidavit, creating a question of credibility and fact.  The court should not resolve such a credibility or fact question on summary judgment.  The court ADOPTS the magistrate judge report and ACCEPTS his recommendation that the court DENY Defendants

Truett, Crocker, and Wright's motions for summary judgment on the Plaintiff's Eighth Amendment claim concerning the denial of hormone therapy. The court also ACCEPTS the magistrate judge's recommendation that this claim be dismissed on the grounds of qualified immunity. The magistrate judge correctly noted in his recommendation that qualified immunity is not available where a Plaintiff seeks only prospective, injunctive relief, as in this case. (*See* Doc. 25 pg. 14) (citing *Gilmore v. Hodges*, 738 F.3d 266, 273 (11th Cir. 2013)).

    3.   The court OVERRULES the Plaintiff's objections to the magistrate judge's recommendation regarding granting Defendants' motions for summary judgment on the Plaintiff's Fourteenth Amendment privacy claims. The court ADOPTS the magistrate judge's report on this claim to the extent that it finds that requiring the Plaintiff to wear a wristband identifying himself as HIV-positive does not give rise to a constitutional claim and ACCEPTS his recommendation that the court GRANT Defendants' motions for summary judgment on Plaintiff's Fourteenth Amendment privacy claims. However, the court does not ACCEPT the magistrate judge's recommendation that the court grant summary judgment on this claim *on the basis of qualified immunity*. As noted above, the Defendants are not entitled to qualified immunity on any of the claims because the Plaintiff only seeks prospective, injunctive relief.

    4.   The court also OVERRULES the Plaintiff's supplemental objections pertaining to the magistrate judge's recommendation that the court grant Defendants Estes, Wright, Crocker, and Truett's motions for summary judgment regarding the Plaintiff's Eighth Amendment claims concerning sports bras. The court ADOPTS the magistrate judge's report and ACCEPTS his recommendation on this claim. As Captain Noe issued the Plaintiff two sports bras, the court finds that the Plaintiff has failed to show that Defendants Estes, Wright, Crocker, and Truett are being deliberately indifferent to his need for a sports bra.

5. The court ADOPTS the remaining portions of the magistrate judge's report and ACCEPTS his recommendation that the court GRANT Defendants Terry and Williams's motions for summary judgment on the Plaintiff's Eighth Amendment claims concerning dental care; that the court GRANT Defendants Terry and Williams's motions for summary judgment on the Plaintiff's Fourteenth Amendment equal protection claim; and that the court DENY the Defendants' motions for summary judgment on the Plaintiff's claims against them in their official capacities for injunctive relief on the basis of Eleventh Amendment immunity.

The court will enter a separate Order in conformity with this opinion.

The court REFERS Plaintiff's motion for leave to amend (doc. 27) back to Magistrate Judge England for handling. Upon resolution of the motion, the case will return to the undersigned for trial.

DONE and ORDERED this 3rd day of September, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE