# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| B.C., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:13-cv-00344-KOB-JHE |
| WARDEN DEWAYNE ESTES, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On April 1, 2014, the magistrate judge ordered Plaintiff to show cause why his complaint should not be dismissed as moot because he has received the relief he sought. (Doc. 44). Plaintiff failed to respond to the magistrate judge's order within the allotted time.

The only remaining claims before this court are Plaintiff's Eighth Amendment claims against Defendants Truett, Wright, and Crocker concerning denial of hormone therapy. Plaintiff seeks only injunctive relief in the form of hormone therapy.[1]

On October 21, 2014, Defendants Truett, Wright, and Crocker filed a supplemental Special Report stating that, on May 14, 2014, a psychiatrist diagnosed

---

[1] On March 25, 2015, the magistrate judge denied the plaintiff's motion for leave to amend the complaint to also request monetary damages. (Doc. 43).

Plaintiff with Gender Identity Disorder.  (Doc. 36-1, Truett Aff. at 9).  Medical staff subsequently scheduled Plaintiff for an appointment with an endocrinologist at University of Alabama at Birmingham Hospital for October 9, 2014.  (*Id*.).

On October 9, 2014, Dr. Amy Warriner, an endocrinologist, examined Plaintiff and diagnosed him with gender dysphoria.  (Doc. 36-1 at 16).  Dr. Warriner recommended "Estradiol 1 mg daily; Spironolactone 50 mg daily – check Serum K in 2 months; if [greater than] 5-0, increase Spiron to 100 mg daily[.]"  (*Id*. at 19).  On October 11, 2014, medical staff began administering hormone therapy to Plaintiff as Dr. Warriner recommended.  (*Id*.).

Article III of the Constitution limits the jurisdiction of federal courts.  Federal courts may only rule on a claim when an actual case or controversy exists.  U.S. Const. Art. III, § 2.  When an action becomes moot, it no longer presents a justiciable case or controversy within the meaning of Article III.  *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 (1977).  On mootness, the Eleventh Circuit Court of Appeals explains:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effect of the alleged violation.

*Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987).  Moreover, "[p]ast exposure to illegal conduct does not in itself show a pending case or controversy

regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).

Since Plaintiff initiated this action, Dr. Warriner has examined Plaintiff for Gender Identity Disorder, and Defendants are now administering Dr. Warriner's recommended hormone therapy treatment to Plaintiff. Accordingly, the injunctive relief Plaintiff seeks in his Complaint is now MOOT. No actual case or controversy exists over which this court may exercise jurisdiction.

Because Plaintiff's remaining claims are now MOOT, the court DISMISSES this action WITHOUT PREJUDICE.

DONE and ORDERED this 7th day of May, 2015.

*[signature: Karon O. Bowdre]*

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE